**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                                              **Case No: 3:00cr75/LAC**
                                                    **3:07cv51/LAC/MD**

**ERIC LONDREY GRIFFIN**

---

**REPORT AND RECOMMENDATION**

**This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 108). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.[1]**

**Defendant was found guilty after a jury trial of three counts of possession of a firearm by a convicted felon on October 11, 2000. (Doc. 58). He was acquitted of two charges of conspiring to obstruct justice by bribing a witness in violation of Title 18 U.S.C. §§ 371, 1510 and 2. (Doc. 62). He was sentenced to a term of 295 months imprisonment on each count, to run concurrently, followed by a five year term of**

---

[1]The court also notes that the motion is deficient in that it was not signed by the defendant. However, because the return address on the envelope in which the motion was sent to the court bears the defendant's name, current address and federal register number, the court assumes for the purpose of this recommendation that the motion was submitted by the defendant, and will not engage in the futile exercise of requiring defendant to submit a properly executed motion.

**supervised release, a fine of $1,500.00, and a $300.00 special monetary assessment. (Doc. 72).  Defendant appealed, and the Eleventh Circuit affirmed the conviction and sentence on November 16, 2001.  (Doc. 110).  The mandate issued on December 17, 2001.  Defendant did not file any other motions or petitions with respect to his conviction until he filed the instant motion pursuant to the prison mailbox rule[2] on January 16, 2007.  In this motion he contends that counsel was constitutionally ineffective because he failed to investigate the facts of defendant's case and advise him of his rights, that the district court's finding that defendant was a career offender was in violation of the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), that he should be resentenced because the guidelines are unconstitutional, and that the district court did not have jurisdiction over this "state case."**

   **Title 28 U.S.C. § 2255 imposes a one year time limitation on the filing of motions under this section.   The one year period of time runs from the latest of:**

> **(1) the date on which the judgment of conviction becomes final;**
> **(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;**
> **(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or**
> **(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.**

---

[2]*Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed); *Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999).

*Case No: 3:00cr75/LAC; 3:07cv51/LAC/MD*

28 U.S.C. §2255.  Defendant's motion is therefore facially untimely.  He attempts to argue that application of the statute of limitations to his case would effectively deprive him of his ability to obtain collateral review in federal court, and result in an unconstitutional suspension of the writ.  Therefore, he argues, the motion should be reviewed as if it had been timely filed.  Pared to its essence, defendant's position is that the time limitation set forth in § 2255 should be disregarded.  He has provided no persuasive argument to this effect.  Even to the extent he attempts to rely on *Booker* to circumvent the one year time limitation period, his position is without merit because *Booker*'s effect on sentencing guidelines cases is not retroactive on collateral review.  *Varela v. United States*, 400 F.3d 864, 866-868 (11th Cir.), cert. denied, 126 S.Ct. 312, 163 L.Ed.2d 269 (2005); see also *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005) (holding that only the Supreme Court can make a new rule retroactive on collateral review, and that it must do so explicitly); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) ("Booker may not be applied retroactively to second or successive habeas petitions."); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) ("[W]e conclude that Booker's rule does not apply retroactively in collateral proceedings...."); *Green v. United States*, 397 F.3d 101, 103 (2nd Cir. 2005) (per curiam) ("[N]either *Booker* nor *Blakely [v. Washington*, 542 U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004),] apply retroactively to Green's collateral challenge."); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) ("*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); *Cirilo-Munoz v. United States,* 404 F.3d 527, 533 (1st Cir. 2005) (it is unlikely that the Supreme Court will adopt a retroactivity analysis that opens up to required reexamination practically all of the federal sentences imposed since the guidelines went into effect in 1987).  And, because defendant's motion does not fall within any of the other exceptions to the one year time limitation and it should be summarily dismissed as untimely.

**Accordingly, it is respectfully RECOMMENDED:**

**The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §
2255 (doc. 108)  be summarily DISMISSED as untimely.**

**At Pensacola, Florida, this 8ᵗʰ day of February, 2007.**

/s/ *Miles Davis*

       **MILES DAVIS**
       **UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Any objections to these proposed findings and recommendations must be filed within ten
days after being served a copy thereof.  A copy of objections shall be served upon all other
parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28
U.S.C. § 636; Local Rule 27(B); *United States v. Roberts*, 858 F.2d 698, 701 (11ᵗʰ Cir. 1988).**