UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                          Case Nos.:   3:00cr75/LAC/CJK
                                                          3:14cv608/LAC/CJK

ERIC LONDREY GRIFFIN
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 114). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court does not have jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

Defendant was sentenced to three concurrent terms of 295 months imprisonment after a jury found him guilty of three charges of possession of a firearm by a convicted felon. (Docs. 58, 72). Defendant's conviction and sentence were affirmed on appeal in December of 2001. (Doc. 105). In 2007, he challenged his

conviction by means of a motion to vacate pursuant to 28 U.S.C. § 2255.  (Doc. 108).
This motion was denied as untimely without objection from Defendant.  (Docs.
111–113).  Defendant has now filed another motion to vacate in which he seeks relief
pursuant to the recent Supreme Court decision in *Descamps v. United States*, 133 S.Ct.
1924 (2013), which, he suggests, announced a new substantive rule that is
retroactively applicable to his case.[1]

This court does not have jurisdiction to entertain Defendant's motion.  Before
a second or successive application for § 2255 relief is filed in the district court, the
litigant must typically move in the appropriate court of appeals for an order
authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3) and
§ 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d
1172, 1175 (11th Cir. 2005); *Carter v. United States,* 405 Fed. App'x 409 (11th Cir.
2010).  Defendant's successive motion falls within the larger subset of cases for which
such authorization is required, as he is challenging the same judgment he challenged
in his initial motion.  This authorization is required even when, as here, a defendant
asserts that his motion is based on the existence of a new rule of constitutional law,
made retroactive to cases on collateral review by the Supreme Court, that was
previously unavailable.  28 U.S.C. § 2255(h)(2).  Furthermore, the fact that
Defendant's first motion was dismissed as untimely does not affect the analysis, as
this dismissal constituted a dismissal with prejudice.  *See Carter v. United States*, 405

---

[1] *Descamps* was decided on June 20, 2013.  Although Defendant's motion is dated June 17,
2014 (*see* doc. 114 at 14), the clerk did not receive the motion until October 27, 2014.  The
purported reason for this delay is that one of Defendant's Correctional Counselors provided him
with the wrong address for the court.  (*See id*. at 29, 30).  The court notes that counselor's
memorandum is dated September 30, 2014, but the envelope containing Defendant's motion is dated
October 24, 2014.  In any event, because the motion is successive, neither its timeliness nor
Defendant's diligence in filing the motion is at issue.

F. App'x 409 (11th Cir. 2010).   Therefore, because Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, the instant motion to vacate must be dismissed without prejudice.

**CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 114), be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

Case Nos: 3:00cr75/LAC/CJK;  3:14cv608/LAC/CJK

2.      A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 6th day of November, 2014.


*/s/ Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**