IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.: 3:00cr75/LAC/EMT
 3:16cv297/LAC/EMT

ERIC LONDREY GRIFFIN

---

# REPORT AND RECOMMENDATION

Defendant Eric Londrey Griffin has filed a Motion to Correct Sentence Under 28 U.S.C. § 2255 and a Time Sensitive Memorandum in Support thereof, contending that he is entitled to sentencing relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) (ECF Nos. 120, 121). The Government filed a response in opposition, and Mr. Griffin filed a reply (ECF Nos. 126, 129). The Government also filed a Notice of Supplemental Authority (ECF No. 131). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Mr. Griffin's motion should be denied.

## BACKGROUND and ANALYSIS

In October of 2000, a jury convicted Mr. Griffin of three counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (ECF No. 58). The Court found Mr. Griffin to be an armed career criminal, after adopting the

findings of the Presentence Investigation Report (*see* ECF No. 130, PSR ¶ 42). Mr. Griffin was sentenced to three concurrent terms of 295-months imprisonment followed by a five-year term of supervised release (ECF No. 72). Mr. Griffin's convictions and sentence were affirmed on appeal. *United States v. Griffin*, 277 F.3d 1378 (11th Cir. 2001). Mr. Griffin filed two previous § 2255 motions, which were dismissed as untimely and successive, respectively (*see* ECF Nos. 108, 111, 112, 114–116). On May 27, 2016, the Eleventh Circuit granted Mr. Griffin's application to file a successive § 2255 motion under *Johnson* (*see* ECF No. 118).

Pursuant to the Armed Career Criminal Act ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another *[known as the elements clause]* or (ii) is burglary, arson, or extortion, involves the use of explosives *[known as the enumerated offenses clause]* or otherwise involves conduct that presents a serious potential risk of physical injury to another *[known as the residual clause]*." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). An individual subject to ACCA's enhanced penalties

also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4. Absent the application of the ACCA enhancement, Mr. Griffin would have faced a maximum sentence of ten-years imprisonment on each count. *See* 18 U.S.C. § 924(a)(2). In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses.

Mr. Griffin contends that in enhancing his sentence, the court relied on four Florida convictions: a 1989 conviction for delivery of cocaine; a 1990 conviction for battery on a correctional officer; a 1992 conviction for assault or battery within a county detention facility; and a 1996 conviction for aggravated assault with a deadly weapon (*see* PSR ¶¶ 47, 50, 54, 60). Mr. Griffin concedes that his 1989 conviction for delivery of cocaine qualifies as an ACCA predicate offense, but argues that the other three convictions he lists are not violent felonies under the residual clause of the ACCA and do not qualify under the elements or the enumerated offenses clauses (ECF No. 121 at 5).[1] The Government argues that it

---

[1] Mr. Griffin initially conceded that his conviction for aggravated assault qualified as a violent felony, but he retracted this concession in his reply and now argues that his conviction for aggravated assault is not a violent felony under the ACCA (*see* ECF No. 121 at 5, ECF No. 129 at

is not clear from the record which convictions the court actually relied upon in originally sentencing Mr. Griffin pursuant to the ACCA (ECF No. 126 at 7). In determining that Mr. Griffin made a prima facie case showing that he had raised a claim that entitled him to file a successive § 2255 motion, the Eleventh Circuit stated as follows:

> As to which of Griffin's numerous prior convictions qualified as a predicate-ACCA offense, the district court did not identify which convictions it considered. In fact, there was no disagreement by defense counsel that Griffin should be sentenced under the ACCA, and no discussion about the basis for the enhancement, or the particular clause of the ACCA that would have been applicable to a particular conviction. In the application before us, Griffin fails to identify which convictions he contends to be flawed based on *Johnson*.

(ECF No. 118 at 7–8) (footnotes omitted). The court then stated that given the short time it had to decide the application, it was unable to determine whether any of Mr. Griffin's battery convictions would constitute violent felonies under the elements clause (*id*. at 9). However, the court noted that his 1996 conviction for aggravated assault with a deadly weapon would appear to constitute a violent felony under the elements clause and that his 1989 conviction for the delivery of cocaine was a possible candidate for status as a serious drug offense (*id.*). Because the

---

20).

court could not determine whether Mr. Griffin's convictions in 1992 or 1996 for possession of cocaine could qualify as a third serious drug offense under the ACCA, or whether any of his convictions so qualified, it granted the application to file a successive § 2255 motion.

In addition to Mr. Griffin's 1989 conviction for the delivery of cocaine, which indisputably qualifies as an ACCA predicate offense, he needs two more qualifying convictions for his sentence to have been properly enhanced under the ACCA. The Government argues that Mr. Griffin's 1992 felony conviction for attempted assault or battery in a county detention facility under Fla. Stat. § 951.075 is one such conviction because has an element of the use, attempted use, or threatened use of physical force against another person (ECF No. 129; *see also* ECF No. 130, PSR ¶ 54). At the time of Mr. Griffin's conviction, Fla. Stat. § 951.075 (1992) provided as follows:

> Every person being detained or undergoing a sentence in a county or municipal jail or detention facility who commits assault, battery, or assault and battery upon the person of another *with a deadly weapon or instrument or by any means of force likely to produce great bodily injury*, but which is not an assault with intent to commit a felony, shall be guilty of a felony in the second degree.

(emphasis added) (ECF No.126, Ex. 2).[2] The Government argues that given the language used in this statute, Mr. Griffin's conviction is a violent felony under the ACCA's elements clause, so the invalidation of the residual clause has no effect on the validity of the conviction as an ACCA predicate offense and *Johnson* does not apply to his case.

In his reply Mr. Griffin argues that it is not clear from the judgment whether he was convicted of attempted (1) assault, (2) battery, or (3) assault and battery—with a deadly weapon or instrument or by any means of force likely to produce great bodily harm (*see* Judgment, ECF No. 126, Exh. 1).[3] Mr. Griffin argues that a

---

[2] The Presentence Report in this case describes the incident as follows:

> On March 31, 1992, officers responded to the Orange County Jail and met with a victim inmate. The victim reported that he was battered by the defendant. The victim reported that the defendant struck him one time on his left jaw. The victim had to be transported to the hospital where it was determined that he sustained a broken jaw. The defendant was subsequently arrested.

(ECF No. 130, PSR ¶ 54). Mr. Griffin argues that the court should consider only the statutory elements of the offense, not the facts of the offense as recited in the PSR.

[3] In his memorandum, Mr. Griffin stated, "the court sentenced him to three years imprisonment, which necessarily means the conviction was for battery. Had the offense been charged as an assault, the conviction would have been for a misdemeanor with a maximum penalty of a year" (ECF No. 121 at 11). Because Mr. Griffin mistakenly thought that his conviction was under Fla. Stat. § 784.02, it is not clear whether this position is inconsistent with the arguments in his reply (*see* ECF No. 129 at 10). However, Mr. Griffin acknowledges that while both statutes deal with assaults or batteries occurring within a detention facility, § 951.075 includes assaults and batteries with "a deadly weapon or instrument by any means of force likely to produce great bodily injury" (ECF No. 129 at 10, 11).

Case Nos.: 3:00cr75/LAC/EMT; 3:16cv297/LAC/EMT

Florida battery conviction is not necessarily a violent felony because the offense may not have involved violent force; although Mr. Griffin acknowledges that this is a harder argument to make if a deadly weapon or means of force likely to produce great bodily injury is involved. He argues that if the conviction was for assault, however, then the conviction would not qualify as a violent felony under the elements clause because the person convicted may have had a *mens rea* of culpable negligence which is akin to recklessness. Mr. Griffin argues that a conviction predicated on a *mens rea* of recklessness does not satisfy the definition of a crime of violence.[4]

The undersigned finds that the phrase "with a deadly weapon or instrument or by any means of force likely to produce great bodily harm" modifies each of the possible means by which Fla. Stat. § 951.075 could be violated. Therefore, a conviction under this statute, which requires the use of a "deadly weapon" or "force likely to produce great bodily injury," has as an element "the use, attempted use, or

---

[4] *See, e.g., Leocal v. Ashcroft*, 543 U.S. 1 (2004) (addressing the *mens rea* for accidental or negligent conduct and holding that a Florida conviction for driving under the influence of alcohol and causing serious bodily injury was not a crime of violence warranting deportation); *United States v. Palomino Garcia*, 606 F.3d 1317, 1336 (11th Cir. 2010) (holding that a conviction predicated on a *mens rea* of recklessness does not satisfy the Sentencing Guideline's requirement of the use of physical force in defining a crime of violence).

Case Nos.: 3:00cr75/LAC/EMT; 3:16cv297/LAC/EMT

threatened use of physical force." § 924(e)(2)(B)(i). In the context of the ACCA, "the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). The conviction listed in Paragraph 54 of PSR falls within the elements clause, and therefore qualifies as Mr. Griffin's second ACCA predicate offense.

The Government argues that Mr. Griffin's 1996 conviction for an aggravated assault with a deadly weapon, in which he pled no contest, qualifies as Mr. Griffin's third ACCA predicate offense (ECF No. 130, PSR ¶ 60). The Government points out that Eleventh Circuit precedent holds that a conviction for aggravated assault under Fla. Stat. § 784.021 is categorically a violent felony under the elements clause. *See Turner v. Warden Coleman FCI*, 709 F.3d 1328, 1338 (11th Cir. 2013) ("by its definitional terms, the offense [an aggravated assault, under Fla. Stat. § 784.021] necessarily includes an assault, which is 'an intentional, unlawful threat by word or act *to do violence* to the person of another, coupled with an apparent ability to do so' [Fla. Stat. § 784.011 (emphasis supplied)$^5$]"). Therefore, a conviction under section

---

[5] Fla. Stat. § 784.011(1) defines assault as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with the apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent."

784.021 "will always include 'as an element the . . . threatened use of physical force against the person of another,' § 924(e)(2)(B)(i), and [a] conviction for aggravated assault thus qualifies as a violent felony for purposes of the ACCA." *Turner*, 709 F.3d at 1338; *United States v. Golden*, No. 15-15624, 2017 WL 343523 (11th Cir. Jan. 25, 2017) (*per curiam*) (petition for rehearing denied Mar. 23, 2017) (affirming post-*Johnson* that *Turner* is binding precedent and Fla. Stat. § 784.021 remains categorically a violent felony under the elements clause).

In his reply, Mr. Griffin again argues that the *mens rea* involved in this offense can be equated to recklessness, and thus his conviction does not qualify as a violent felony (ECF No. 129 at 20).[6] While Mr. Griffin acknowledges that the Eleventh Circuit has held that aggravated assault qualifies as a violent felony under the elements clause of the ACCA pre-*Johnson*, he argues that this decision did not

---

[6] The PSR describes the offense as follows:

> On May 13, 1996, officers met with the victim who reported that she and a friend were driving on Ivy Lane when they noticed the defendant driving behind them. The defendant passed the victim's vehicle and stopped his vehicle in the middle of the road blocking the victim's vehicle. The defendant exited his vehicle and started walking toward the victim. The defendant made a fist as he walked toward the victim and her friend. The victim rolled up her windows and drove around the defendant. The defendant got back into his car and began pursuing the victim as she tried to get away from him.

(ECF No. 130, PSR ¶ 60).

Case Nos.: 3:00cr75/LAC/EMT; 3:16cv297/LAC/EMT

include any analysis of intent, and if it had, the decision would have been different. However, the *Golden* decision was issued after Mr. Griffin filed his reply, and binding Eleventh Circuit precedent that this conviction qualifies as a violent felony without a consideration of intent controls. Therefore, Mr. Griffin's 1996 conviction for aggravated assault with a deadly weapon qualifies as his third predicate offense under the ACCA. Because Mr. Griffin has three requisite predicate convictions to support the application of the ACCA enhancement, he is not entitled to sentencing relief.[7]

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

---

[7] In light of this finding, the court has not analyzed the potential applicability of any other conviction as an ACCA predicate.

Case Nos.: 3:00cr75/LAC/EMT; 3:16cv297/LAC/EMT

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1. Defendant Griffin's Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 120) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 28th day of April 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 3:00cr75/LAC/EMT; 3:16cv297/LAC/EMT

## **NOTICE TO PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:00cr75/LAC/EMT; 3:16cv297/LAC/EMT